IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KIARUNN TAUHEED BAILEY JR., )<br>#Y28447 )<br>  )<br>   Plaintiff, )<br>  )<br>vs. )<br>  )<br>ROB JEFFREYS, )<br>ANTHONY WILLS, )<br>MAJOR HUDSON, )<br>OFFICER KAREN, )<br>C/O JAMES, )<br>MAJOR ROWLAND, and )<br>JOHN DOE, )<br>  )<br>   Defendants. ) | Case No. 21-cv-464-DWD |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Kiarunn Tauheed Bailey Jr., a prisoner in the Illinois Department of Corrections ("IDOC"), bring this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while being housed at Menard Correctional Center ("Menard"). He states that he was housed in unsanitary conditions and his medical treatment was delayed. He seeks monetary damages and injunctive relief.

Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law

1

is immune from such relief must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): In late July 2020, Plaintiff suffered an insect bite on his left leg that caused pain and swelling.  He was seen by a nurse and nurse practitioner, who gave him gauze, antibiotic ointment, alcohol pads, pain medication and broad-spectrum oral antibiotics.

In December 2020, Plaintiff began suffering itching and redness in his right leg, he believed from another insect bite.  He was seen by medical personnel on December 21, 2020 and given essentially the same treatment.

Also on December 21, the hot water in Plaintiff's cell ceased working.  Plaintiff informed Defendants Hudson, Karen and James that he was without hot water and needed it to clean his injury.  Hudson and Karen told James to put in a work order.  Plaintiff complained about the situation again on December 22 to James, who said he had put in a work order.  A plumber came in on an emergency work order for the toilet in the next cell and told Plaintiff he had not received a work order but would fix his sink the following day.  Hot water was restored on December 23.

On December 27, 2020, Plaintiff's wound burst and he bandaged it with a first aid kit he had been given.  He was seen by the nurse practitioner on December 30, who provided additional care.  Plaintiff's dressing was changed daily by a nurse until the wound healed.

2

In late March, 2021, Plaintiff discovered a new bump on his right ankle. On April 4, 2021, he began submitting sick call requests. The bump ruptured on April 7, and Plaintiff asked Defendant Doe to see the nurse. Doe responded that he would see if the nurse was still in the cellhouse. Plaintiff was seen by a nurse during medication pass-out, with some indication that Doe had denied it or otherwise prevented Plaintiff from being seen. Plaintiff was treated the following day.

Based on the allegations of the Complaint, the Court finds it convenient to organize the *pro se* action into the following Counts:

> **Count 1:** Eighth Amendment claim against Hudson, Karen and James regarding the conditions of his confinement; and
>
> **Count 2:** Eighth Amendment claim for deliberate indifference to a medical need against Doe.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

## Discussion

As an initial matter, Plaintiff has failed to make adequate allegations to support a claim against Defendants Wills, Jeffrey or Rowland. Plaintiff does not include any allegations against Wills, Jeffrey or Rowland other than identifying them and stating

---

[1] See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

that they are "legally responsible" for the operation of Menard and his cell house and the welfare of the inmates. "[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted). In order to state a claim against a defendant, a plaintiff must describe what each named defendant did (or failed to do), that violated the plaintiff's constitutional rights. The mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of vicarious or supervisor liability does not apply to actions filed under 42 USC § 1983. *Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Plaintiff fails to allege any personal knowledge by Wills, Jeffrey or Rowland of the conditions of his confinement or his medical needs. Accordingly, they are dismissed in their individual capacities without prejudice.

Plaintiff also states that he is suing all defendants in their official capacities. Suits against state officials in their official capacity are "treated as suits against the State….Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, the entity's policy or custom must have played a part in the violation of federal law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citations omitted). Plaintiff fails to plead any policy or custom which caused the alleged constitutional deprivations. Plaintiff alleges that Menard's extermination practices are inadequate, but that states a claim for negligence at most and does not state an underlying constitutional deprivation. Accordingly, Plaintiff's official capacity claims are dismissed without prejudice.

4

**Count 1**

Plaintiff has failed to state a claim for deliberate indifference to the conditions of his confinement. A prisoner challenging conditions of confinement must show that the conditions were sufficiently serious as an objective matter, meaning that they denied the inmate 'the minimal civilized measure of life's necessities,' creating an excessive risk to the inmate's health and safety. *Thomas v. Blackard*, 2 F.4th 716, 719–20 (7th Cir. 2021) (quotations omitted). A plaintiff must also show that prison officials acted with deliberate indifference—"that they knew of and disregarded this excessive risk of harm to the inmate." *Id.*

With regard to the presence of insects or the overall conditions of his cell, Plaintiff fails to plead that any of the Defendants were aware of these issues. Without awareness, they cannot have been deliberately indifferent to the conditions.

As to the water issue, two days without hot water is not objectively serious. *See Gray v. Hamilton*, No. 15-CV-00421-JPG, 2015 WL 2265470, at *3 (S.D. Ill. May 12, 2015). While two days with only cold running water in December is certainly not comfortable, that is not the standard. Although Plaintiff claims this prevented him from adequately cleaning his hands and wound, his Complaint is clear that he still had running water, alcohol wipes and antibiotic ointment to prevent infection. Plaintiff fails to plead that the lack of in-cell hot water for a two-day period created an excessive risk to his health or safety. Moreover, Plaintiff fails to plead that any of the Defendants were deliberately indifferent to the lack of hot water. He informed Hudson and Karen of the situation, who issued orders that the situation be remedied. James stated that he put a work order in.

5

The allegation that a maintenance worker said he personally had not received a work order a day later is not sufficient to suggest deliberate indifference, even with the generous interpretation given to pro se litigant pleadings. Accordingly, Count 1 is dismissed for failure to state a claim

## Count 2

Plaintiff has adequately stated a claim against Defendant John Doe. "[D]elays in treating painful medical conditions that are not life-threatening can support Eighth Amendment claims." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009) (quotation omitted). Plaintiff's allegations are essentially that he missed sick call on the day he informed Doe of his situation (as he was seen and treated the following day) because Doe denied him sick call. There is no bright line for how long a delay in treating an injury must be before it becomes a constitutional violation. *See Edwards v. Snyder*, 478 F.3d 827, 830–32 (7th Cir. 2007) (plaintiff who painfully dislocated his finger and was needlessly denied treatment for two days stated a deliberate indifference claim). The Court cannot say for the purposes of screening that the length of delay here falls short of the line for stating a claim, and so Count 2 will proceed against John Doe

## Motion for Recruitment of Counsel

Plaintiff has also filed a Motion for Recruitment of Counsel (Doc. 3). Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A district court considering an indigent plaintiff's request for counsel must first consider whether the plaintiff has made reasonable attempts to secure counsel on his own or been effectively precluded from doing so; and, if so, whether the difficulty

of the case factually and legally exceeds his capacity as a layperson to present it. *Id.* at 654-655.

First, Plaintiff has failed to make the required threshold showing of reasonable efforts to obtain counsel on his own. Plaintiff only identifies one attorney or firm he contacted.

Further, it does not appear that the difficulty of the case exceeds Plaintiff's capacity to litigate it at this time. Plaintiff has clearly and coherently communicated with the Court regarding his claims, and does not allege any mental or educational impairments that would prevent him from handling the early stages of this case. Plaintiff alleges only that he has limited legal knowledge and access to the law library, which—while handicaps—do not deprive him of a meaningful opportunity to litigate his claims.

Should Plaintiff encounter significant difficulties during the discovery phase of the case, he may file a new Motion for Recruitment outlining those specific difficulties. Such a motion should also include details on his additional attempts to retain counsel on his own behalf, including at least the date of the attempts and the name of the firms or attorneys.

Accordingly, the Motion to Recruit Counsel (Doc. 3) is **DENIED without prejudice.**

## Disposition

Plaintiff's Complaint (Doc. 1) survives initial screening pursuant to 28 U.S.C. § 1915A against Defendant John Doe. Plaintiff's claims against Defendants Jeffreys, Wills, Rowland, Hudson, Karen and James are **DISMISSED without prejudice**. The Clerk of

the Court is **DIRECTED** to terminate Defendants Jeffreys, Wills, Rowland, Hudson, Karen and James as parties to this action. Defendant Wills will remain a party to the case in his official capacity only solely for purposes of aiding in identification of the John Doe defendant. Plaintiff's Motion to Recruit Counsel (Doc. 3) is **DENIED without prejudice.** Plaintiff's Motion for Status (Doc. 8) is **MOOT**.

The Clerk of Court shall prepare for Defendant Wills (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the unknown defendant John Doe, until such time as Plaintiff has identified each by name in a properly filed motion for substitution. Plaintiff

is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

Defendant Wills is **ORDERED** to timely enter his appearance but <u>does not need to file an Answer or other responsive pleading</u>.  Once he enters his appearance, the Court will enter a discovery order setting guidelines for identifying the unknown defendant. Wills will be responsible for responding to discovery requests aimed at identifying the unknown defendant propounded in accord with this discovery order.

Once identified, Defendant John Doe is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **<u>Pursuant to Administrative Order No. 244, Defendant needs only respond to the issues stated in this Merits Review Order</u>.**

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  September 16, 2021

_____
David W. Dugan
United States District Judge

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, they will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.